# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER GILSON,**

      **Plaintiff,**

**v.**                                          **Case No: 6:12-cv-1423-Orl-18GJK**

**INDAGLO, INC. and CHARLES HENLEY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO VACATE BILL OF COSTS TAXED (Doc. No. 156)** |
| **FILED:** | **March 18, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On February 13, 2014, the Court entered judgment in favor of Defendants and against Plaintiff. Doc. No. 144. On February 27, 2014, Defendants, as the prevailing parties, filed a proposed Bill of Costs seeking a total of $7,322.19 in costs. Doc. No. 149. On March 3, 2014, Plaintiff filed a Notice of Appeal. Doc. No. 150. On March 14, 2014, the Clerk, without objection from Plaintiff, taxed $7,322.19 in costs to Plaintiff. Doc. No. 154.

**II.     THE MOTION.**

On March 18, 2014, Plaintiff filed a Motion to Vacate Bill of Costs Taxed (the "Motion"). Doc. No. 156.  Plaintiff argues that the Bill of Costs should be vacated for three (3) reasons: 1) Defendants did not preserve their claim for costs in their amended answer nor by pretrial stipulation pursuant to Local Rule 4.18(a); 2) Defendants failed to file a separate motion or petition for costs within fourteen (14) days of judgment or comply with Local Rule 3.01(g); and 3) the bill of costs entered by the Clerk includes costs that are not recoverable pursuant to 28 U.S.C. § 1920. Doc. No. 156 at 1-3.

On April 1, 2014, Defendants filed a response in opposition to the Motion.  Doc. No. 158. Specifically, Defendants argue that they preserved their right to costs in the wherefore clause of their answer (Doc. No. 27),[1] timely filed their proposed Bill of Costs and were not required to confer with Plaintiff prior to filing their proposed Bill of Costs.  Doc. No. 158 at 2-4. Defendants, however, concede that some of the costs taxed against Plaintiff are not recoverable pursuant to § 1920, and withdrew their request for those costs reducing the total amount sought to $5,534.68.  Doc. No. 158 at 5-11.

**III.    ANALYSIS.**

Costs are generally awarded under Rule 54(d), Federal Rules of Civil Procedure, which provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or court order provides otherwise.  Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption in favor of awarding costs to the prevailing party.  *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

---

[1] Specifically, Defendants argue that by demanding "such other relief as is just" in the wherefore clause of their answer they preserved their right to costs.  Doc. No. 158 at 3-4.

Plaintiff raises a threshold argument with respect to whether Defendants preserved their claim for costs. Doc. No. 156 at 1-2. Plaintiff argues that Defendants did not preserve their claim for costs because they did not request costs in their answer or pretrial stipulation. *Id.* (citing Local Rule 4.18(a); *Saadi v. Maroun*, Case No. 8:07-cv-1976-T-24MAP, 2009 WL 4730533, at *3 (M.D. Fla. Dec. 7, 2009)).[2] While Defendants did not expressly request costs in their answer or pretrial stipulation, they did request "such other relief as is just" in their answer. Doc. No. 27 at 7. Pursuant to Rule 54, "costs . . . should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides other. Fed. R. Civ. P. 54(d)(1). Given the plain language of Rule 54, Federal Rules of Civil Procedure, and the fact that Local Rule 4.18(a) is construed in accordance therewith, the undersigned finds that an award of costs constitutes just relief. As such, the undersigned finds that Defendants did not waive their claim to costs. Accordingly, it is **RECOMMENDED** that the Court reject this argument.

As for Plaintiff's remaining arguments, Defendants, while maintaining that they properly requested costs, concede that they are not entitled to certain costs and withdrew their request for those costs. Doc. No. 158 at 5-6. As a result, Defendants maintain that they are entitled to $5,534.68 in costs, as opposed to $7,322.19 in costs. Doc. No. 158 at 11. In light of Defendants' concession, the Bill of Costs should be vacated. In the interest of efficiency and judicial economy, the undersigned recommends that the issue of costs should be deferred until after the Eleventh Circuit has entered judgment in this matter. For these reasons, it is **RECOMMENDED** that the Motion be granted, the Bill of Costs be vacated, and Defendants be granted leave to file a renewed request for costs within fourteen (14) days of the Eleventh Circuit entering judgment.

---

[2] Local Rule 4.18(a) provides: "In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule."

### IV. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 156) be **GRANTED**;

2. The Bill of Costs (Doc. No. 154) be **VACATED**; and

3. The Court grant Defendants leave to file a request for costs within fourteen (14) days of the Eleventh Circuit entering judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 29, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy