[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10897
Non-Argument Calendar
_____

D. C. Docket No. 6:12-cv-01423-GKS-GJK

CHRISTOPHER GILSON,
on his own behalf and others similarly situated,

                                                       Plaintiff - Appellant,

STEPHEN HINZ,

                                              Opt-In Plaintiff - Appellant,

versus

INDAGLO, INC.
a Florida profit corporation,
d.b.a. Country Club Motors of Melbourne,
CHARLES HENLEY,
individually,

                                              Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 31, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellants Christopher Gilson and Stephen Hinz appeal the district court's grant of the judgment as a matter of law in favor of Appellees Indaglo, Inc. and Charles Henley. This case arose out of Appellees' alleged failure to pay minimum wages to Appellants as required by 29 U.S.C. §§ 206(a) and 216(b) of the Fair Labor Standards Act (FLSA). The district court granted judgment as a matter of law because, based on the evidence at trial, no reasonable juror could conclude Appellees violated the FLSA. After careful review of the record, we affirm.[1]

Appellants argue the evidence at trial was sufficient to trigger the FLSA's burden-shifting analysis because the Appellees' employment records were "inaccurate and inadequate." *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superceded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972) . Appellants contend they needed to produce evidence showing only the amount of uncompensated work

---

[1] We review de novo a district court's grant of a Rule 50 motion for judgment as a matter of law, considering all evidence in the light most favorable to the non-moving party. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1259 (11th Cir. 1999) (en banc). To affirm a judgment as a matter of law, we must decide "no reasonable juror could reach a contrary decision." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1215 (11th Cir. 2004) (citation omitted). The non-movant must put forth "more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). "Rather, there must be a substantial conflict in evidence to support a jury question." *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).

"as a matter of just and reasonable inference," not evidence of the "precise amount of worked performed."  *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1316 (11th Cir. 2007).

We conclude Appellants failed to introduce "more than a mere scintilla of evidence," *Abe v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000), suggesting the employment records were inaccurate.  For example, Appellants rely on alleged inconsistencies between the sales commission sheets and the employee time calendar, as sales commissions were credited to Appellants' accounts on days when Appellants were calendared as not working.  Appellants did not dispute, however, that sales commission dates reflected the day when the sale paperwork was completed, not when the salesperson initiated the sale.  Appellants likewise failed to produce documentary evidence or state with specificity particular dates on which their actual work hours were not accurately reflected in the employer's records.  In sum, no reasonable juror could conclude the evidence at trial was sufficient to trigger the FLSA's burden-shifting analysis.

Even assuming Appellants triggered the FLSA's burden-shifting analysis, Appellants failed to introduce sufficient evidence supporting a "just and reasonable inference," *Allen*, F.3d at 1316, that they were compensated below the minimum wage.  For instance, though Appellants testified they sometimes worked through automatically deducted lunch breaks, Appellants did not estimate the number of

days on which they did not take a lunch.  Similarly, Hinz testified he worked 52-54 hours per week and Gilson testified he worked 50-60 hours per week, but neither could recall the hours worked in any particular week.  On this record, no reasonable juror could make a just and reasonable approximation of Appellants' undercompensated work hours.

In light of the foregoing, we conclude the district court did not err in granting the judgment as a matter of law to Appellees Indaglo, Inc. and Charles Henley.

**AFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 31, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-10897-AA
Case Style: Christopher Gilson v. Indaglo, Inc., et al
District Court Docket No: 6:12-cv-01423-GKS-GJK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas, AA at .

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs