UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER GILSON,**

        **Plaintiff,**

**v.**                                               **Case No:   6:12-cv-1423-Orl-18GJK**

**INDAGLO, INC. and CHARLES HENLEY,**

        **Defendants.**

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANTS' MOTION FOR COSTS (Doc. No. 169)**
>
> **FILED:**       December 17, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND.**

On September 18, 2012, Christopher Gilson instituted this action against Defendants. Doc. No. 1. On September 25, 2012, Stephen Hinz filed a consent to join the action as an opt-in plaintiff. Doc. No. 6. Mr. Gilson and Mr. Hinz will hereafter be collectively referred to as the "Plaintiffs." On March 11, 2013, Plaintiffs filed an amended complaint against Defendants alleging a violation of the minimum wage provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 206. Doc. No. 26. On February 3, 2014, the matter proceeded to a jury trial, during which Defendants made two (2) ore tenus motions for judgment as a matter of law, pursuant to

Rule 50, Federal Rules of Civil Procedure. Doc. Nos. 133; 135; 136; 138. On February 13, 2014, the Court entered an order granting Defendants' motion for judgment as a matter of law. Doc. No. 143. That same day, the Clerk entered judgment in favor of Defendants and against Plaintiffs. Doc. No. 144.

On February 27, 2014, Defendants filed their proposed bill of costs. Doc. No. 149. On March 3, 2014, Plaintiffs filed a notice of appeal with the Eleventh Circuit Court of Appeals. Doc. No. 150. On March 14, 2014, the Clerk of Court taxed the bill of costs against Mr. Gilson. Doc. No. 154. On March 18, 2014, Mr. Gilson moved to vacate the bill of costs taxed against him, to which Defendants responded in opposition. Doc. Nos. 156; 158. On May 29, 2014, the undersigned entered a Report and Recommendation recommending that the bill of costs be vacated, and that Defendants be granted leave to file a renewed motion for costs within fourteen (14) days of the Eleventh Circuit entering judgment. Doc. No. 162. On June 18, 2014, the Court entered an order adopting the Report and Recommendation, vacating the bill of costs taxed by the Clerk, and granting Defendants leave to file a renewed motion for costs within fourteen (14) days of the Eleventh Circuit entering judgment. Doc. No. 163.

On December 5, 2014, the Eleventh Circuit entered judgment affirming the Court's order granting Defendants judgment as a matter of law. Doc. No. 168. On December 17, 2014, Defendants timely filed their Motion for Costs (the "Motion"), to which they attached the following: 1) the proposed bill of costs; 2) invoices for the requested costs; 3) an affidavit in support of the requested costs; and 4) an email exchange between the parties' counsel concerning their good faith effort to resolve the Motion. Doc. Nos. 169; 169-1.

## II. LAW.

Rule 54, Federal Rules of Civil Procedure, provides, in relevant part, that "costs – other

than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (citation omitted).[1] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *Id.*

"[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

### III. <u>ANALYSIS</u>.

Defendants, as the prevailing parties, are entitled to recover their costs pursuant to § 1920. Defendants request an award of $5,534.68 in costs, plus post-judgment interest thereon. Doc. No. 169 at 9. Plaintiffs have not objected to Defendants' request for costs, and the time for doing so has passed. Therefore, the Motion is unopposed.

#### 1. Fee for Service of Subpoena.

Defendants seek a total of $80.00 in costs for service of a deposition subpoena on Eric Pankratz. Doc. Nos. 169 at 4-5; 169-1 at 1-2. The subpoena was served by a private process server. Doc. No. 169-1 at 2. "It is well settled that costs for having a private process server serve deposition subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921." *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009) (citing *W & O, Inc.*, 213 F.3d at 624). The statutorily authorized

fee for § 1921 is set forth in 28 C.F.R. § 0.114. The record reveals that the subpoenas were served prior to October 30, 2013 (Doc. No. 169-1 at 2), at which time the U.S. Marshals Service was authorized to collect $55.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (2008). Though the cost incurred for serving Mr. Pankratz exceeds $55.00, the cost is nevertheless reasonable since the process server had to travel to more than one address to serve Mr. Pankratz. Doc. Nos. 169 at 4-5; 169-1 at 2

**2. Fees for Printed or Electronically Recorded Transcripts.**

Defendants seek a total of $5,364.85 in costs for depositions. Doc. Nos. 169 at 5-9; 169-1 at 1, 3-6. "Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id*. (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Ultimately, the question of whether costs for a deposition are recoverable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *Id*. at 620-21.

Defendants seek costs incurred in connection with the Plaintiffs' depositions, Charles Henley's deposition, and Mr. Pankratz's deposition. Doc. Nos. 169 at 6-8; 169-1 at 3-6. Plaintiffs' and Mr. Henley's depositions were necessarily obtained for use in the case because they were named parties in the action and the primary witnesses. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (finding deposition of plaintiff was necessarily obtained for use in the case because she was, among other things, a named party and the primary witness). Likewise, Mr. Pankratz's deposition was necessarily obtained for use in the

case because he worked for Defendants as a sales manager and was familiar with how Defendants paid salesmen like Plaintiffs. Doc. No. 38-1. As for the amount of costs Defendants seek in connection with these depositions, the undersigned finds that Defendants are entitled to recover all of the costs they seek with the exception of the $10.00 postage and handling fee for Ms. Gilson's deposition transcript. *See Awwad v. Largo Med. Ctr., Inc.*, Case No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013) (denying recovery of shipping costs associated with deposition transcripts) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012)).

### 3. Witness Fee.

Defendants seek a total of $89.83 in costs for the witness fee incurred in connection with Mr. Pankratz's August 13, 2013 deposition. Doc. Nos. 169 at 5; 169-1 at 1, 7. The Court may tax costs for "[f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). Witness fees are set by 28 U.S.C. § 1821(b), which provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at trial or deposition. *Smith v. Naples Cmty. Hosp., Inc.*, Case No. 2:08-cv-952-Ftm-29SPC, 2011 WL 1100136, at *2 (M.D. Fla. Mar. 23, 2011). Courts have no authority to exceed this amount, as "[n]othing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979). However, a "witness who travels by privately owned vehicle[,]" is entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]" 28 U.S.C. § 1821(c)(2). The undersigned finds that the witness fee sought by Defendants is reasonable since it appropriately accounts for the $40.00 witness fee provided for by § 1821(b), as well as the miles Mr. Pankratz traveled to attend his deposition. Doc. Nos. 169 at 5; 169-1 at 7.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 169) be **GRANTED in part** and **DENIED in part**;

2. The Clerk be directed to tax costs in favor of Defendants in the total amount of $5,524.68, plus post-judgment interest thereon at the legal rate; and

3. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 6, 2015.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy